IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
Southern ~~NORTHERN~~ DIVISION

RECEIVED
2020 JUL -8 P 2:54
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| **ANTONIO PERKINS,** ) | |
| ) | |
| **PLAINTIFF,** ) | |
| ) | **Civil Action No.:** |
| **v.** ) | |
| ) | 1:20-cv-00470 |
| **ENTERPRISE JANITORIAL &** ) | |
| **PAPER, INC.,** ) | **JURY DEMAND** |
| ) | |
| **DEFENDANT.** ) | |

## COMPLAINT

### I. INTRODUCTION

1. This is an action for legal and equitable relief to redress race discrimination against Antonio Perkins. The suit is brought pursuant to plaintiff's rights as secured by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e *et seq.*, as amended by the Civil Rights Act of 1991, (hereinafter "Title VII"); and 42 U.S.C. §1981 (hereinafter "§1981"), which provide for relief against discrimination in employment. The plaintiff seeks injunctive relief, equitable relief, compensatory damages, and punitive damages.

### II. JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1343, 2201 and 38 U.S.C. §4323(b)(3).

3. The plaintiff requests a jury trial on all issues so triable.

4. The unlawful employment practices alleged were committed by the defendant within Coffee County, Alabama. Venue is proper pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5.

### III. ADMINISTRATIVE EXHAUSTION

5. The plaintiff timely filed a charge of discrimination with the EEOC (Charge Number 420-2020-00116) alleging discrimination on the basis of race in violation of Title VII within 180 days after being constructively discharged on September 9, 2019. The plaintiff filed this lawsuit within 80 days after receiving Notice of Right to Sue from the EEOC.

### IV. PARTIES

6. The plaintiff, Antonio Perkins, is a male citizen of the United States of America and a resident of the State of Alabama. During the relevant time period, the plaintiff was employed by defendant Enterprise Janitorial & Paper, Inc.

7. The defendant, Enterprise Janitorial & Paper, Inc., is an "employer" subject to suit under Title VII. The defendant does business in this district and, at all times relevant to this action, the defendant was the plaintiff's employer within the meaning of Title VII. At all times relevant to this action, the defendant

employed at least fifteen (15) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the applicable calendar year. The defendant conducts business in Chambers County, Alabama.

## V. STATEMENT OF FACTS

8. The plaintiff was employed by the defendant, Enterprise Paper & Janitorial, Inc. from April 23, 2013 until his constructive discharge on September 9, 2019.

9. During the plaintiff's employment with defendant, he was subjected to a racially hostile work environment and was regularly subjected to racial slurs.

10. One of the owners of the company, Larry Mike Holland, Jr., referred to the plaintiff as "nigger" at the end of July 2019.

11. Holland said, "I'm going to fire this nigger."

12. Between May 2019 and September 2019, Holland made many other racist comments, including, but not limited to repeatedly referring to the plaintiff as "coon" and "boy."

13. Holland also said many times to the plaintiff, "you are my boy" and "I own you."

14. Holland also told the plaintiff, "if I say jump, you say how high."

15. During a business trip to Toledo, Ohio in May 2019, Holland used derogatory racial slurs towards the plaintiff at a business dinner.

16. The plaintiff was afraid for his job as he was a single father and really needed his job.

17. On September 9, 2019, the plaintiff resigned due to Holland's continued harassing treatment.

18. The plaintiff was constructively discharged.

## V.   DAMAGES

19. The plaintiff is now suffering, and will continue to suffer irreparable injury from the defendant's unlawful conduct as set forth herein unless enjoined by this Court.

20. The plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional and physical pain and anguish and lost wages and other pecuniary losses as a consequence of the defendant's unlawful conduct.

21. The plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory, punitive and liquidated damages is her only means of securing adequate relief.

## VI. CAUSES OF ACTION

### COUNT I: DISCRIMINATION (HARASSMENT) ON THE BASIS OF RACE IN VIOLATION OF TITLE VII

3. The plaintiff re-alleges all of the allegations in the complaint and incorporates the same by reference herein.

4. The defendant intentionally discriminated against the plaintiff on the basis of his race with regard to job assignments, discipline, and other terms and conditions of employment.

5. The actions of the defendant created a hostile work environment for the plaintiff which was based on race and was continuous in nature during his employment. The hostile work environment was a continuing violation of Title VII.

6. The defendant engaged in the practices complained of herein with malice and/or reckless indifference to the plaintiff's federally protected rights.

7. As a result and consequence of the defendants' actions, the plaintiff has suffered pain, financial damage, embarrassment, trauma and humiliation.

## COUNT II: DISCRIMINATION (HARASSMENT) ON THE BASIS OF RACE IN VIOLATION OF 42 U.S.C. §1981

8. The plaintiff re-alleges all of the allegations in the complaint and incorporates the same by reference herein.

9. The defendant intentionally discriminated against the plaintiff on the basis of his race with regard to job assignments, discipline, and other terms and conditions of employment, in violation of 42 U.S.C. §1981.

10. The defendant engaged in the practices complained of herein with malice and/or reckless indifference to the plaintiff's federally protected rights.

11. As a result and consequence of the defendant's actions, the plaintiff has suffered pain, financial damage, embarrassment, trauma and humiliation.

## COUNT III: RETALIATION (HARASSMENT) IN VIOLATION OF TITLE VII

12. The plaintiff re-alleges all of the allegations in the complaint and incorporates the same by reference herein.

13. The plaintiff engaged in protected opposition to illegal discrimination when he refused to consent to the hostile work environment and complained about the hostile work environment.

14. The plaintiff engaged in protected activity to illegal discrimination when he

complained about race discrimination, including racial harassment.

15. The defendant discriminated against the plaintiff on the basis of retaliation with respect to job assignments, discipline, other terms, conditions, and privileges of employment in violation of Title VII.

16. The actions of the defendant created a hostile work environment for the plaintiff which was based on retaliation and was continuous in nature during his employment. The hostile work environment was a continuing violation pursuant to Title VII.

17. The defendant discriminated against the plaintiff by creating and tolerating a retaliatory hostile work environment, which included ultimately terminating the plaintiff's employment in violation of Title VII.

18. The defendant engaged in the practices complained of herein with malice and/or reckless indifference to the plaintiff's federally protected rights.

19. As a result and consequence of the defendant's actions, the plaintiff has suffered pain, financial damage, embarrassment, trauma and humiliation.

### COUNT IV: RETALIATION (HARASSMENT) IN VIOLATION OF 42 U.S.C. §1981

20. The plaintiff re-alleges all of the allegations in the complaint and incorporates the same by reference herein.

21. The plaintiff engaged in protected opposition to illegal discrimination when he refused to consent to the hostile work environment.

22. The plaintiff engaged in protected activity to illegal discrimination when he complained about race discrimination, including racial harassment.

23. The defendant discriminated against the plaintiff on the basis of retaliation with respect to job assignments, discipline, other terms, conditions, and privileges of employment in violation of 42 U.S.C. §1981.

24. The actions of the defendant created a hostile work environment for the plaintiff which was based on retaliation and was continuous in nature during his employment. The hostile work environment was a continuing violation pursuant to 42 U.S.C. §1981.

25. The defendant discriminated against the plaintiff by creating and tolerating a retaliatory hostile work environment, which included ultimately terminating the plaintiff's employment in violation of 42 U.S.C. §1981.

26. The defendant engaged in the practices complained of herein with malice and/or reckless indifference to the plaintiff's federally protected rights.

27. As a result and consequence of the defendant's actions, the plaintiff has suffered pain, financial damage, embarrassment, trauma and humiliation.

## COUNT V: DISCRIMINATION
## (CONSTRUCTIVE DISCHARGE) ON THE BASIS OF RACE
## IN VIOLATION OF TITLE VII

28. The plaintiff re-alleges all of the allegations in the Complaint and incorporates the same by reference herein.

29. The defendant unlawfully discriminated against the plaintiff on the basis of his race, African American, by terminating his employment as set in greater detail out above.

30. Said discrimination was done maliciously, willfully, and with reckless disregard for the federally protected rights of the plaintiff.

31. The plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, compensatory damages, and punitive damages is his only means of securing adequate relief.

32. The plaintiff seeks all equitable and legal relief necessary to remedy such unlawful discrimination including, without limitation, declaratory and injunctive relief, reinstatement, backpay, damages, costs, attorneys' fees, expenses and such other equitable and legal remedies necessary to make plaintiffs whole and to deter future discrimination including retaliation.

## VIII. PRAYER FOR RELIEF

**WHEREFORE**, the plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies and practices, conditions, and customs of the defendant are violative of the rights of the plaintiff as secured by Title VII, 42 U.S.C. §2000e, *et seq.*

2. Grant the plaintiff a permanent injunction enjoining the defendant, its agents, successors, employees, attorneys and those acting in concert with the defendant and at the defendant's request from continuing to violate Title VII.

3. Enter an Order requiring the defendant to make the plaintiff whole by awarding back pay (plus interest), reinstatement (or front pay), lost seniority, benefits and loss of pension, compensatory damages, liquidated damages, punitive damages, and nominal damages.

4. The plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees, and expenses.

Respectfully submitted,

/s/ H. Wallace Blizzard
H. Wallace Blizzard
*Attorney for Plaintiff*

OF COUNSEL:
WIGGINS, CHILDS, PANTAZIS,
FISHER & GOLDFARB, LLC
301 Nineteenth Street North
Birmingham, Alabama 35203
(205) 314-0593 (Telephone/Facsimile)

## JURY DEMAND

**PLAINTIFF HEREBY DEMANDS TRIAL BY A STRUCK JURY**

_/s/ Henry Wallace Bizzier II_
OF COUNSEL

**Defendant's Address:**
Enterprise Janitorial & Paper, Inc.
Larry Michael Holland, Jr., Reg. Agent
501 East Park Avenue
Enterprise, AL 36330